**ANCHOR LOAN COMPANY, Plaintiff, v. WILLETT et, Defendants.**

Common Pleas Court, Licking County.

No. 40517. Decided May 22, 1956.

McDonald & Robison, for plaintiff.
Joseph H. Fitzgibbon, for defendants.

## OPINION

By HOLTSBERRY, J.

Defendant has filed motion herein to set aside a cognovit judgment on the grounds that he has a valid defense of non-compliance of statutory requirements of Ohio concerning a promissory note and chattel mortgage.

Anchor Loan Company, plaintiff herein, is assignee of a promissory note and chattel mortgage executed originally by defendant Willett to the Home Furniture Company of Zanesville, Ohio. The case is submitted upon the evidence, and agreed statement of facts, and upon briefs of counsel.

Willett purchased furniture from Home Furniture Company in excess of one thousand dollars, and on September 6, 1950, executed a cognovit note and chattel mortgage to the seller. The note and mortgage were assigned to Anchor Loan Company.

Records of Anchor Loan show that it purchased the account from Home Furniture on September 8, 1950; the assignment on the back of the chattel mortgage is dated September 8, 1950, but no date appears on the assignment on the back of the note.

The records of Anchor Loan show that Willett was credited with the sum of $97.59 for furniture defendant claimed he failed to receive and that defendant made payments to the Zanesville office of Anchor Loan

of $10.00 on June 5, 1951, and $9.00 on June 13, 1951. Defendant testified that several months later in December of 1951, Home Furniture repossessed the furniture.

In June of 1951, after two payments were made, the Zanesville office forwarded the ledger card of said account to the Newark office for collection. The manager then contacted Willett on several occasions, the furniture then still being in his possession, but was unable to obtain additional payments.

In considering the questions involved herein it is helpful to keep in mind that the motion herein is to set aside a cognovit judgment and this action is not one to foreclose a mortgage.

Sec. 8565-3 GC, effective at the time the transaction took place and when the judgment was obtained, provided in substance that when any chattel mortgagee, his executors, administrators, successors, or assigns took goods, chattels or property, covered by a chattel mortgage out of the possession of the mortgagor, by seizure or repossession and sells or disposes of said property before foreclosure without giving notice as required by said Section are precluded from obtaining a deficiency judgment.

What application does §8565-3 GC have with respect to the facts of the instant case? Before such determination the Court must first determine the rights of Anchor Loan in and to the note and mortgage it had in its possession—the promissory note and the chattel mortgage given as security for the note. Consequently, the question arises of Anchor Loan's right by virtue of being the holder of the note and the question of the finance company's rights in and to the chattel mortgage.

Inspection of the note reveals it complics with all the provisions of §8106 GC, and that it is a negotiable instrument. Therefore, a determination of the initial rights of the parties herein must be determined under the negotiable instrument law of Ohio. The note was negotiated by proper endorsement on the back thereof to Anchor Loan by the payee of the original note. True, no date appears on the endorsement of the note, however, the chattel mortgage, the security for the note, was assigned two days after its execution and the assignment of the security would carry with it the interests in the note. Further, the evidence shows the account was purchased two days after the note was executed. Under the evidence and circumstances, it must be concluded that ownership of the note was transferred to Anchor Loan two days after the note was executed. I find nothing under the Ohio negotiable instrument law requiring an endorsement to be dated.

Sec. 8157 GC, sets forth the requirements before Anchor Loan could have been considered a holder in due course. These requirements are:

"1. That the instrument is complete and regular on its face.

"2. That the owner became the holder of it before it was overdue and without notice that it had been previously dishonored, if such was the fact.

"3. That the holder took it in good faith and for value.

"4. That at the time it was negotiated to the holder, he had no notice of infirmity in the instrument or defect of title of the person negotiating it."

The note herein is complete and regular on its face; it was transferred two days after its execution and was not overdue, and there is no evidence that it was not taken by the holder, the defendant, in good faith.

Defendant claims an infirmity in the note in that he did not receive all the furniture ordered. It was some time after the endorsement of the note to Anchor Loan that it was told that all the goods ordered were not received. Under §8133 GC, any failure of consideration would not be a defense to a holder in due course of a negotiable instrument.

What are the rights of Anchor Loan by virtue of the chattel mortgage assigned to it by Home Furniture Company, the original chattel mortgagee.

Counsel for defendant contend that the note secured by the chattel mortgage, where both were assigned to a third person, caused loss of identity as a negotiable instrument and became a chose in action. Great reliance is placed upon **Baily v. Smith, 14 Oh St 396.**

Standing alone this case would lead to the conclusion that the negotiable instrument law would not apply to a mortgage and under the facts of this particular case the real estate mortgage was subject to equities. The facts reveal the original maker of the note and mortgage filed suit to cancel the lien on grounds of fraud in the procurement of both note and mortgage. Fraud was shown, but Smith, the defendant, an endorsee, had obtained the note and mortgage for valuable consideration, before due, and the trial court decided in favor of Smith for the amount paid by him for the note and mortgage and an order of sale of the premises under the mortgage was given. The fourth paragraph of the syllabus in Baily v. Smith reads as follows:

"The transfer of a negotiable promissory note, secured by mortgage on real estate, to a bona fide endorsee, does not entitle the holder to foreclose the mortgage, when it appears that both note and mortgage were obtained by fraud."

Baily v. Smith, supra, has been forcibly criticized by the Supreme Court of the United States in Carpenter v. Langan, 83 U. S. (16 Wall.), 271, pointing out the general holding of authorities that a mortgage is a mere accessory to a debt which it secures and is as impregnable to attack as the debt itself.

A review of Ohio cases since the United States Supreme Court decision reveals that Ohio courts have limited the principle of Baily v. Smith to the facts under consideration in that case. See **Leeper v. Hunkin, 22 Oh Ap 204; Ashland Building & Loan Company v. Kerman, 23 Oh Ap 127; Springfield Loan Company v. The National Guarantee & Finance Company, 63 Oh Ap 508.**

The Ohio Supreme Court in **First National Bank of Wapakoneta v. Brotherton, Trustee, 78 Oh St 162,** expressly limits the principle in Baily v. Smith to the facts of that case and a notation in the syllabus distinguishes said case at page 172, the following comment appears: "In the present case, the question is whether against such bona fide holder there may be asserted a latent equity in favor of persons who are not parties to the mortgage and as to whom the record contains no disclosure whatever. An affirmative answer to that question derives no support whatever from Baily v. Smith. Notwithstanding all that was

there said, cases of this character are determined by the familiar rule that a mortgage is an incident to a negotiable note which it secures, and is subject to no equity which may not be asserted against the holder of the note."

This Court reaches the conclusion that Anchor Loan was a holder in due course of the negotiable promissory note and as such is entitled to all the rights of a holder in due course and that said chattel mortgage was incident to the promissory note and would be subject to no equities that the original note was not subject to. In this instant case the Court finds no fact which would have been a defense in a suit upon the promissory note.

Returning now to the application of §8565-3 GC, to the facts and conclusions reached by this Court, that the furniture involved was taken by the original mortgagee without the knowledge of Anchor Loan, the owner of the note and mortgage, and that the taking was months subsequent to the assignment of mortgage and endorsement of the note to plaintiff. The consequent question arises as to whether or not an original chattel mortgagee can prejudice assignee by his acts which occur subsequent to the assignment.

To permit such prejudice to an innocent assignee would be a dangerous procedure as it would practically destroy the negotiability of promissory notes and, unless no assignment of the mortgage was contemplated, make it almost impossible to conduct any business wherein chattel mortgages were involved. See **Vol. 7 O. Jur., page 416.**

The acts of Home Furniture Company could not prejudice Anchor Loan, and §8565-3 GC, requiring notice before deficiency judgment could not be applied to the prejudice of plaintiff herein. Home Furniture was placed in a receivership by parties other than those herein, and Anchor Loan had no control over the court appointed receiver and if the furniture was sold, as it probably was, in the receivership, that would not be the fault of Anchor Loan. Defendant does have some justified reason for a quarrel with Home Furniture but this Court is not concerned herein with the merits of any action the law would permit either civil or criminal against Home Furniture for the taking and conversion of the furniture.

·The question is further raised as to the alleged failure to notify defendant of the assignment. This argument is not tenable since there is no law requiring notification of an assignment. Further, the argument could have no merit in any event herein since the evidence discloses that the defendant knew that Anchor Loan was the owner since he made payments on the note at the office of Anchor Loan.

Defendant having advanced no valid defense against the holder in due course, the motion to set aside the cognovit judgment taken September 3, 1953, is denied and judgment is rendered in favor of plaintiff.

Entry to be submitted and exceptions allowed.